

Marvin L. Karp, Ronald Isroff, Ulmer, Berne, Laronge, Glickman & Curtis, Cleveland, Ohio, for defendant-appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and ENGEL, Circuit Judges.

Boyd L. Rhodes, Jr., Heiskell, Donelson, Adams, Williams & Kirsch, Lewis R. Donelson, III, Donald A. Malmo, Charles T. Tuggle, Jr., Memphis, Tenn., for petitioner-appellant.

Scott P. Crampton, Asst. Atty. Gen., Gilbert Andrews, Myron C. Baum, Jonathan S. Cohen, Meade Whitaker, Murray Horwitz, Tax. Div., U. S. Department of Justice, Chief Counsel, Internal Revenue Service, Washington, D. C., for respondent-appellee.

**M. H. S. COMPANY, INC., Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 76–2185.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 10, 1978.

Decided May 15, 1978.

Before PHILLIPS, Chief Judge, and CELEBREZZE and KEITH, Circuit Judges.

PER CURIAM.

This is an appeal from the decision of the United States Tax Court involving federal income tax deficiencies for the years ending September 30, 1966, 1967, 1969 and 1970 in the amounts of $19,444.52, $62.13, $996.50 and $977.16, respectively. Reference is

made to the comprehensive findings of fact and opinion of Judge Irene F. Scott, reported at 35 T.C.M. 733 (1976), for a recitation of pertinent facts.

The taxpayer, a Tennessee corporation, was formed for the purpose of acquiring and leasing real estate. Certain of its real estate was acquired by the State of Tennessee by eminent domain, resulting in a capital gain to the taxpayer.

The issue is whether the proceeds of the capital gain were invested in real estate as a tenant in common with a co-owner, as the taxpayer contends, or whether the proceeds were invested in a joint venture as asserted by the Commissioner. The Tax Court found that the taxpayer invested in a joint venture and a partnership under both Tennessee and federal law. The Tax Court concluded that because the interest purchased by the taxpayer was a partnership interest, it was personal rather than real property; and that, consequently, the taxpayer, having not acquired "like kind" property, was not entitled to nonrecognition of the gain realized under § 1033 of the Internal Revenue Code.

Upon consideration of the briefs and oral arguments, and the entire record, we conclude that the findings of fact of the Tax Court are not clearly erroneous, *Commissioner v. Duberstein,* 363 U.S. 278, 290–91, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960), and that its conclusions of law are correct for the reasons stated in the Tax Court's opinion.

Accordingly, the decision of the Tax Court is affirmed. No costs are taxed. Each party will bear its own costs on this appeal.